UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



01  AUG 2 1  PM 6: 29

CASE NO. 00-02261-CIV-MOORE
Magistrate Judge Simonton

ACCESS NOW, INC. and
EDWARD RESNICK,

      Plaintiffs,

      v.

SOUTH FLORIDA STADIUM
CORPORATION, a Florida corporation,
MIAMI DOLPHINS, LTD., a Florida
limited partnership, and FLORIDA
MARLINS BASEBALL CLUB, L.L.C.,
a Florida limited liability company,

      Defendants.
_____/

## DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENAS
## AND SUPPORTING MEMORANDUM OF LAW

      Pursuant to Rule 45 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 26.1,

Defendants, South Florida Stadium Corporation, Miami Dolphins, Ltd., and the Florida Marlins

Baseball Club, L.L.C. (collectively referred to as the "Defendants") move this Court for an order

quashing Plaintiffs' eleventh-hour trial subpoenas duces tecum as to M. Bruce Schulze and David

Nunes, because they are untimely, duplicative, burdensome and an improper attempt by Plaintiffs

to resurrect discovery requests they abandoned long ago.

# FACTS

On November 20, 2000, the Defendants filed their Responses to Plaintiffs' Request for Production. A true and correct copy of these Responses is attached hereto as Exhibit "A". In their responses, the Defendants objected to Plaintiffs' request for all financial information (cash flow statements, tax returns, financial statements, etc.) as irrelevant, overbroad, vague, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding this ADA case.

Although pursuant to Local Rule 26.1(H)(1), Plaintiffs were required to serve a motion to compel discovery within 30 days of service of Defendants' objections, Plaintiffs chose not to move to compel the production of any of the information.

Again on April 3, 2001, when providing a supplemental response to discovery, Defendants maintained their objections to producing all financial information requested by the Plaintiffs. Once again, Plaintiffs opted not to move to compel.

***In fact, Plaintiffs elected not to move to compel at any time during the nine months that have passed since Defendants' objections were first filed.***

Now, six weeks after the close of discovery, and just days before the trial period, the Plaintiffs have served duplicative subpoenas on M. Bruce Schulze and David Nunes, which request numerous categories of documents, all of which fall within the earlier document requests and objections.[1]   True and correct copies of these subpoenas are attached hereto as Exhibit "B".

---

[1] Initially, a subpoena duces tecum was served on one "Richard Nunes," purported CFO of SFSC, in his individual capacity. Service of this subpoena was improper, for three reasons. First, "Richard Nunes" is not a person that exists (David Nunes is the CFO of SFSC). Second, Mr. Nunes was served as an individual, and therefore does not have custody of the documents requested, as these are company documents belonging to SFSC. Third, Plaintiffs improperly attempted to

MI696922.1

Defendants object to all requests for financial information by way of either testimony or documents based on prior objections, and Plaintiffs' trial subpoenas should be quashed in that regard. Moreover, while Defendants have no objection to producing Mr. Schulze as a trial witness, they object to the production of Mr. Nunes as he would merely be a duplicative witness. Indeed, the subpoena requesting his appearance at trial amounts to unnecessary harassment and should therefore be quashed.

## **ARGUMENT**

I.      **Plaintiffs' Subpoenas are an attempt to circumvent the Rules of Civil Procedure and
        Plaintiffs' own abandonment of earlier efforts to obtain the same information.**

Local Rule 26.1 states:

.      All motions related to discovery, including but not limited to motions to compel
        discovery and motions for protective order, shall be filed within thirty days of the
        occurrence of the grounds for the motion. ***Failure to file discovery motions within
        thirty days, absent a showing of reasonable cause for a later filing, may constitute
        a waiver of the relief sought.***

Rule 26.1H(1), S.D.Fla.L.R.(2001) (emphasis added).

Indisputably, Plaintiffs failed to comply with the 30-day requirement. Due to Plaintiffs' failure to comply with this deadline, they should not be entitled to the documents listed on the Subpoenas.

Several courts have viewed a party's failure to obtain discovery in a timely manner to constitute that party's forfeiture of its right to obtain the discovery, at all. In *Alper v. United States*, a federal court quashed the document production portion of a trial subpoena duces tecum served by

---

effectuate service on Mr. Nunes as an *individual*, through service on his *corporate* employer. Plaintiffs subsequently, and even more belatedly, attempted to cure their misidentification by serving a subpoena upon Mr. David Nunes.

the plaintiff, where the plaintiff chose not to depose and obtain documents from the same witness during the discovery period. *Id.* 190 F.R.D. 281, 284 (D.Mass. 2000). ***"At bottom, plaintiff cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another, the expired discovery schedule."*** *Id.* (Emphasis added).

Similarly, in *Robinson v. Jacksonville Shipyards, Inc.*, where the plaintiff failed to timely move to compel production of business records but reasserted her desire to discover the information in her pretrial brief, the court refused to grant an exception to the court-imposed discovery deadlines. *Id.*, 760 F.Supp. 1486, 1520 (M.D. Fla. 1991), ***"The Court cannot now reward plaintiff's failure to conduct discovery within the deadlines by shifting the burden to the defendants ...."*** *Id.* *(Emphasis added).*

Applying the same rationale, in a case where the plaintiff waited until after close of discovery to move to strike the defendant's expert report and testimony, the court denied the motion as untimely. *Ellison v. Windt*, 2001 WL 118617 *3 (M.D. Fla. 2001 Spaulding, Magistrate J.). ***"When ... a party fails to promptly seek enforcement of his rights, any prejudice suffered arises largely from the party's own inaction."*** *Id.* (Emphasis added.)

The Plaintiffs here not only failed to move to compel on a timely basis, they failed to move at all. Plaintiffs cannot be permitted to resurrect discovery requests they abandoned long ago.

## II.    The Subpoenas fail to allow reasonable time for compliance and are unduly burdensome.

The Subpoenas were served on the Defendants only two business days before commencement of the trial period. The Subpoenas ask for production of numerous categories of documents, including some that conceivably would require production of hundreds if not thousands of documents (*e.g.:* "All documents showing income from the sale or license of Miami Dolphins

merchandise."). Furthermore, the Subpoenas would require Defendants and their counsel to shift their attention to producing materials to the Plaintiffs and entirely away from their own trial preparation. Obviously, the Subpoenas fail to allow reasonable time for the Defendants to comply and are unduly burdensome. Rule 45(c)(3)(A)(i) of the Federal Rules of Civil Procedure provides that a subpoena may be quashed if it fails to allow reasonable time for compliance. Rule 45(c)(3)(A)(iii) provides that a subpoena may be quashed if it subjects the respondent to undue burden. Additionally, Rule 45(c)(1) provides for appropriate sanctions against a party or attorney issuing a subpoena who fails to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. *Id.* Pursuant to these rule provisions, the Subpoenas should be quashed.

Much like the Subpoenas served in this case on the eve of trial, in *Wollenburg v. Comtech Manuf. Co.*, the subpoena duces tecum at issue was served the Friday before a trial set to start the following Monday. *Id.* 201 F.3d 973 (7th Cir. 2000). The appellate court upheld the trial court's order quashing the subpoena, as well as sanctioning the plaintiff by preventing her from even mentioning the documents sought in the subpoena. *Id.*

Similarly, in *Donoghue v. County of Orange*, the appellate court upheld a trial court order quashing a subpoena seeking extensive data that was served by plaintiff one week before the trial. *Id.*, 848 F.2d 926 (9th Cir. 1988). In explaining the basis for its decision, the trial court stated, "***The plaintiff's attorney had simply not done his job during discovery because he had not served interrogatories or filed a motion to compel production.***" *Id.* at 931. (Emphasis added.)

Plaintiffs here chose not to file any motion to compel production of the information now sought in their Subpoenas, despite repeated opportunities to do so. They cannot now shift the burden

to the Defendants to marshal together hundreds if not thousands of documents for Plaintiff's use two days before trial. Their Subpoenas should be quashed.

## III.   Plaintiffs' Subpoenas are duplicative.

The civil discovery rules govern subpoenas issued pursuant to Rule 45. *See In re Ramaekers*, 33 F. Supp. 2d 312, 314 (S.D. N.Y. 1999). Fed. R. Civ. P. 26(b)(2) explicitly provides that a district court may limit discovery if it is "unreasonably cumulative or duplicative, or is obtainable from some other source...". *See also Bougher v. Univ. of Pittsburg*, 882 F.2d 74, 81 (3rd Cir. 1989) (upholding district court's denial of plaintiff's subsequent discovery request because it was essentially duplicative of an earlier request). *Cf. Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996) (upholding district court's imposition of sanctions against attorney for duplicative discovery requests).

Plaintiffs' subpoenas duces tecum as to Mr. Schulze and Mr. Nunes concern identical subject matter, and are therefore duplicative. Mr. Nunes has been subpoenaed as a trial witness solely for the purposes of harassment. *Cf. Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 269 (10th Cir. 1995) (imposition of sanctions against attorney for serving untimely, duplicative subpoena duces tecum motivated by desire to harass, was not abuse of discretion). Defendants have no objection to producing Mr. Schulze as a trial witness. However, since Mr. Nunes's testimony would merely be redundant, he should not be required to appear in person to testify at trial, and the subpoena against him should be quashed.

MI696922.1

WHEREFORE, Defendants respectfully request that Plaintiffs' subpoenas be quashed.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for Defendants
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131
Tel. (305) 374-5600
Fax. (305) 374-5095

By: _____
       Stanley H. Wakshlag, Esq.
       Florida Bar No.: 266264
       Carol C. Lumpkin
       Florida Bar No. 797448
       Devand A. Sukhdeo
       Florida Bar No. 126977

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been sent **via U.S. mail** to **Stephen M. Cody, Esq.**, 16610 SW 82nd Court, Miami, Florida 33157-3604 this 24th day of August, 2001.

_____
Attorney

MI696922.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 00-2261-CIV-MOORE
Magistrate Judge Sullivan

ACCESS NOW, INC., et al,

     Plaintiffs,

vs.

SOUTH FLORIDA STADIUM
CORPORATION, et al,

     Defendants.

_____/

## DEFENDANT SOUTH FLORIDA STADIUM CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant South Florida Stadium Corporation ("Defendant") hereby responds to Plaintiffs' Request for Production served on September 21, 2000.

## GENERAL STATEMENT

Defendant does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure

MI561624;3

waive or prejudice the right of Defendant to object to the use of any such information during this or any subsequent proceeding.

The responses herein are based on the best information available to Defendant as of this date. Defendant reserves the right to modify, amend and/or supplement these responses. Defendant's response to any of these Requests shall not constitute an admission by it that the information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the disclosure of such information.

Defendant will produce responsive, non-privileged documents, to the extent such documents exist and are in Defendant's possession, custody and control, at the offices of Defendant's undersigned counsel at One Southeast Third Avenue, Suite 2800, Miami , Florida, at a date and time mutually convenient to the parties' respective counsel.

Subject to the foregoing, Defendant responds as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**     All documents indicating your ownership interest in the Pro Player Stadium.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

MI561624;3                                  2

**Request No. 2:**       All documents indicating your leasehold interest in the Pro Player Stadium.

**Response:**       Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 3:**       All documents indicating your operational interest in the Pro Player Stadium.

**Response:**       Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 4:**       All floorplans and/or architectural renderings of the Pro Player Stadium which were drawn or created before January 1, 1992.

**Response:**       Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

MI561624;3                                3

**Request No. 5:**      All floorplans and/or architectural renderings of the Pro Player Stadium which were drawn or created after January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

**Request No. 6:**      All contracts for the modification of Pro Player Stadium since January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome.

**Request No. 7:**      All permit applications with any governmental entity for the modification of Pro Player Stadium since January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 8:**      All construction permits issued by any governmental entity for the modification of Pro Player Stadium since January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

MI561624.3                                4

**Request No. 9:**   All agreements with Ticketmaster concerning the sale of tickets for events at Pro Player Stadium.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10:**   Any document with Ticketmaster which discusses sales of seats which are accessible to persons with disabilities.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 11:**   All documents produced since January 26, 1992 relating to bids and bid requests for lift equipment to be used at the Pro Player Stadium.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

MI561624;3                                        5

**Request No. 12:**   All documents produced since January 26, 1992 indicating the location of wheelchair accessible seating locations in Pro Player Stadium while it is in seating configuration for football.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 13:**   All documents produced since January 26, 1992 indicating the location of wheelchair accessible seating locations in Pro Player Stadium while it is in seating configuration for baseball.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

MI561624;3

6

**Request No. 14:**    All documents produced at your request by Geen & Jenson concerning your compliance with the ADA.

**Response:**    Defendant objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 15:**    All documents produced by Frederick A. Shotz concerning your compliance with the ADA.

**Response:**    Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 16:**    All surveys of the Pro Player Stadium which discuss your compliance with the ADA.

**Response:**    Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks

the disclosure of documents that are exempt from discovery

by virtue of the attorney-client privilege, work-product

doctrine or any other applicable privilege or rule of

confidentiality.

**Request No. 17:**      All documents you have received from the Justice Department
concerning your compliance with the ADA.

**Response:**      No responsive documents exist.

**Request No. 18:**      All applications for building permits which you or someone acting on
your behalf applied for with any state, county or municipality in the
United States, from July 26, 1990 to the present concerning the Pro
Player Stadium.

**Response:**      Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to the time frame of this

request.

**Request No. 19:**      All lease agreements with the Miami Dolphins from July 26, 1990 to
the present.

**Response:**      Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the time frame of this request.

**Request No. 20:**  All lease agreements with the Florida Marlins from July 26, 1990 to the present.

**Response:**  Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the time frame of this request.  Moreover, the Marlins did not exist in 1990.

**Request No. 21:**  All correspondence and communications with any architect or architectural firm concerning the preparation of plans or drawings of improvements and/or modifications for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**  Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the time frame of this request.

**Request No. 22:**   All correspondence with any architect or architectural firm concerning compliance with the requirements of the ADA at Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 23:**   All contracts with any architect or architectural firm for the modification of Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request is redundant of Plaintiff's prior requests.

**Request No. 24:** All correspondence and communications with any general contractor, contractor, subcontractor or builder concerning the preparation of plans or drawings of improvements and/or modifications of the Pro Player Stadium from July 26, 1990 to the present.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request..

**Request No. 25:** All correspondence with any general contractor concerning compliance with the requirements of the ADA at Pro Player Stadium since January 1, 1992.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

MI561624;3

11

**Request No. 26:**     All contracts with any general contractor for the modification of Pro Player Stadium since January 1, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 27:**     All documents in your possession concerning architectural compliance with the ADA for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality. Defendant further objects to the time frame of this request.

MI561624;3

12

**Request No. 28:**     All documents in your possession which concern any alleged violations of the requirements of the ADA for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality. Defendant further objects to the time frame of this request.

**Request No. 29:**     All judgments, consent decrees, or findings of fact entered in any State Court against you which concern any alleged violations of the ADA any state statutes or regulations which prohibit discrimination against the disabled which occurred at the Pro Player Stadium from July 26, 1990 to the present.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to the extent this request seeks public documents to which the Plaintiffs already have access. Defendant further objects to the time frame of this request.

MI561624;3

13

**Request No. 30:**    All settlement agreements entered into by you which concern any alleged violations of the ADA or any state statutes or regulations which prohibit discrimination against the disabled which occurred at the Pro Player Stadium from July 26, 1990 to the present.

**Response:**    Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of any applicable privilege or rule of confidentiality or that would violate the privacy rights of third parties which are not participants in this lawsuit. Defendant further objects to the time frame of this request.

**Request No. 31:**    All training materials for employees used since July 26, 1990 which discuss compliance with the requirements of the ADA.

**Response:**    Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.   Defendant further objects to the time frame of this request.

MI561624;3    14

**Request No. 32:**     All policy manuals or materials which discuss, in any manner, your compliance with the requirements of the ADA.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 33:**     All annual reports prepared for your stockholders since July 26, 1990.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant further objects to the time

frame of this request.

**Request No. 34:**     All annual reports prepared for your stockholders since July 26, 1990 which discuss, in any manner, either your compliance with the requirements of the ADA.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to the time frame of this

request.

**Request No. 35:** All documents received from the United States Department of Justice which discuss your compliance with Title III of the ADA or the regulations promulgated thereunder.

**Response:** Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 36:** All documents sent by you to the United States Department of Justice which discuss your compliance Title III of the ADA or the regulations promulgated thereunder.

**Response:** Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 37:**     All document which support your third affirmative defense that the "demanded modifications" are not readily achievable.

**Response:**     Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense.   Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 38:**     All of your tax returns filed with the federal government since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 39:**     All financial statements that you have given to any third party since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 40:**     All annual reports prepared by you or for you since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent that this request is redundant of Plaintiff's prior requests.

**Request No. 41:**     All cash flow statements prepared by you and for you since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 42:**     All statements showing payment to any shareholder, either as compensation, dividend, or repayment of loans since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 43:**     All documents indicating the ownership interest of H. Wayne Huizenga in you since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 44:**     All documents indicating the number of employees employed by you on an annual basis since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

MI561624;3

19

**Request No. 45:**   Any document which indicates the effect on expenses and resources, or the impact otherwise of the "demanded modifications" as set forth in your third affirmative defense upon the operation of Pro Player Stadium.

**Response:**   Defendant objects to this request on the grounds that it is vague, ambiguous and does not accurately describe Defendant's third affirmative defense. Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery and that the request is difficult to understand because it is confusing.

**Request No. 46:**   All documents which support your third affirmative defense that the "demanded modifications" are not technically feasible.

**Response:**   Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense. Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 47:** All documents which support your third affirmative defense that the "demanded modifications" are not required.

**Response:** Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense. Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 48:** All documents which support your third affirmative defense that the "demanded modifications" would create an undue hardship on you.

**Response:** Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense. Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents

MI561624;3

21

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 49:**   All documents which support your third affirmative defense that the "demanded modifications" would fundamentally alter the way that you provide goods and services.

**Response:**   Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.   Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 50:**   All documents which support your third affirmative defense that the "demanded modifications" would create a risk to the health and safety of the Plaintiffs and/or others.

**Response:**   Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.   Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.
Subject to and without waiving the foregoing objections,
Defendant will produce responsive, non-privileged documents
to the extent that such documents exist and are in the
Defendant's possession custody and control.

**Request No. 51:**     All documents which support your seventh affirmative defense.

**Response:**     Defendant objects to this request on the grounds that the
information sought by it is better suited for alternative
methods of discovery.  Subject to and without waiving the
foregoing objections, Defendant will produce responsive,
non-privileged documents to the extent that such documents
exist and are in the Defendant's possession custody and
control.

**Request No. 52:**     All documents which support your eighth affirmative defense.

**Response:**     Defendant objects to this request on the grounds that the
information sought by it is better suited for alternative
methods of discovery.  Subject to and without waiving the
foregoing objections, Defendant will produce responsive,
non-privileged documents to the extent that such documents

MI561624.3                    23

exist and are in the Defendant's possession custody and control.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Stephen M. Cody, Esq., 16610 SW 82nd Court, Miami, FL 33157-3604, on this 20th day of November 2000.

AKERMAN, SENTERFITT & EIDSON, P.A.
SunTrust International Center --28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Telephone:(305) 374-5600 Fax: (305) 374-5095
E-Mail: clumpkin@akerman.com

By _____
    Carol C. Lumpkin, Esq.
    Florida Bar No. 797448
    Devand A. Sukhdeo, Esq.
    Florida Bar No. 126977

MI561624;3

24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 00-2261-CIV-MOORE
Magistrate Judge Sullivan

ACCESS NOW, INC., et al,

     Plaintiffs,

vs.

SOUTH FLORIDA STADIUM
CORPORATION, et al,

     Defendants.

_____/

## DEFENDANT MIAMI DOLPHINS LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Miami Dolphins Ltd ("Defendant") hereby responds to Plaintiffs' Request for Production served on September 21, 2000.

### GENERAL STATEMENT

Defendant does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure waive or prejudice the right of Defendant to object to the use of any such information during this or any subsequent proceeding.

MI583160;3

The responses herein are based on the best information available to Defendant as of this date. Defendant reserves the right to modify, amend and/or supplement these responses. Defendant's response to any of these Requests shall not constitute an admission by it that the information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the disclosure of such information.

Defendant will produce responsive, non-privileged documents, to the extent such documents exist and are in Defendant's possession, custody and control, at the offices of Defendant's undersigned counsel at One Southeast Third Avenue, Suite 2800, Miami , Florida, at a date and time mutually convenient to the parties' respective counsel.

Subject to the foregoing, Defendant responds as follows:

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 1:**       All documents indicating your ownership interest in the Pro Player Stadium.


**Response:**       Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 2:** All documents indicating your leasehold interest in the Pro Player Stadium.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 3:** All documents indicating your operational interest in the Pro Player Stadium.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 4:** All floorplans and/or architectural renderings of the Pro Player Stadium which were drawn or created before January 1, 1992.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

MI583160;3

3

**Request No. 5:**     All floorplans and/or architectural renderings of the Pro Player Stadium which were drawn or created after January 1, 1992.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

**Request No. 6:**     All contracts for the modification of Pro Player Stadium since January 1, 1992.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome.

**Request No. 7:**     All permit applications with any governmental entity for the modification of Pro Player Stadium since January 1, 1992.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 8:**     All construction permits issued by any governmental entity for the modification of Pro Player Stadium since January 1, 1992.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

**Request No. 9:**     All agreements with Ticketmaster concerning the sale of tickets for events at Pro Player Stadium.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 10:**     Any document with Ticketmaster which discusses sales of seats which are accessible to persons with disabilities.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 11:**     All documents produced since January 26, 1992 relating to bids and bid requests for lift equipment to be used at the Pro Player Stadium.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

MI583160:3                                5

**Request No. 12:**      All documents produced since January 26, 1992 indicating the location of wheelchair accessible seating locations in Pro Player Stadium while it is in seating configuration for football.

**Response:**      Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 13:**      All documents produced since January 26, 1992 indicating the location of wheelchair accessible seating locations in Pro Player Stadium while it is in seating configuration for baseball.

**Response:**      Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

MI583160:3                                              6

**Request No. 14:**   All documents produced at your request by Geen & Jenson concerning your compliance with the ADA.

**Response:**   Defendant objects to this request to the extent it seeks the

disclosure of documents that are exempt from discovery by

virtue of the attorney-client privilege, work-product doctrine

or any other applicable privilege or rule of confidentiality.

**Request No. 15:**   All documents produced by Frederick A. Shotz concerning your compliance with the ADA.

**Response:**   Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Defendant further objects to this request to the extent it seeks

the disclosure of documents that are exempt from discovery

by virtue of the attorney-client privilege, work-product

doctrine or any other applicable privilege or rule of

confidentiality.

**Request No. 16:**   All surveys of the Pro Player Stadium which discuss your compliance with the ADA.

**Response:**   Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Defendant further objects to this request to the extent it seeks

the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 17:**   All documents you have received from the Justice Department concerning your compliance with the ADA.

**Response:**   No responsive documents exist.

**Request No. 18:**   All applications for building permits which you or someone acting on your behalf applied for with any state, county or municipality in the United States, from July 26, 1990 to the present concerning the Pro Player Stadium.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request.

**Request No. 19:**   All lease agreements with the Miami Dolphins from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is absurd because it seeks lease agreements that the Defendant

MI583160;3

8

has with itself. Defendant further objects to the time frame of this request.

**Request No. 20:**   All lease agreements with the Florida Marlins from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request. Moreover, the Marlins did not exist in 1990.

**Request No. 21:**   All correspondence and communications with any architect or architectural firm concerning the preparation of plans or drawings of improvements and/or modifications for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request.

MI583160;3

9

**Request No. 22:**   All correspondence with any architect or architectural firm concerning compliance with the requirements of the ADA at Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 23:**   All contracts with any architect or architectural firm for the modification of Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request is redundant of Plaintiff's prior requests.

MI583160.3                                        10

**Request No. 24:**   All correspondence and communications with any general contractor, contractor, subcontractor or builder concerning the preparation of plans or drawings of improvements and/or modifications of the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request..

**Request No. 25:**   All correspondence with any general contractor concerning compliance with the requirements of the ADA at Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

MI583160;3                                11

**Request No. 26:**   All contracts with any general contractor for the modification of Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 27:**   All documents in your possession concerning architectural compliance with the ADA for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality. Defendant further objects to the time frame of this request.

**Request No. 28:**     All documents in your possession which concern any alleged violations of the requirements of the ADA for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality. Defendant further objects to the time frame of this request.

**Request No. 29:**     All judgments, consent decrees, or findings of fact entered in any State Court against you which concern any alleged violations of the ADA any state statutes or regulations which prohibit discrimination against the disabled which occurred at the Pro Player Stadium from July 26, 1990 to the present.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to the extent this request seeks public documents to which the Plaintiffs already have access. Defendant further objects to the time frame of this request.

MI583160;3                                                                                      13

**Request No. 30:**   All settlement agreements entered into by you which concern any alleged violations of the ADA or any state statutes or regulations which prohibit discrimination against the disabled which occurred at the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of any applicable privilege or rule of confidentiality or that would violate the privacy rights of third parties which are not participants in this lawsuit. Defendant further objects to the time frame of this request.

**Request No. 31:**   All training materials for employees used since July 26, 1990 which discuss compliance with the requirements of the ADA.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control. Defendant further objects to the time frame of this request.

MI583160;3                               14

**Request No. 32:**     All policy manuals or materials which discuss, in any manner, your compliance with the requirements of the ADA.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 33:**     All annual reports prepared for your stockholders since July 26, 1990.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request.

**Request No. 34:**     All annual reports prepared for your stockholders since July 26, 1990 which discuss, in any manner, either your compliance with the requirements of the ADA.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to the time frame of this
request.

**Request No. 35:**     All documents received from the United States Department of Justice
which discuss your compliance with Title III of the ADA or the
regulations promulgated thereunder.

**Response:**     Defendant objects to this request on the grounds that it is
overbroad, vague, ambiguous, unduly burdensome and not
reasonably calculated to lead to the discovery of admissible
evidence.

**Request No. 36:**     All documents sent by you to the United States Department of Justice
which discuss your compliance Title III of the ADA or the regulations
promulgated thereunder.

**Response:**     Defendant objects to this request on the grounds that it is
overbroad, vague, ambiguous and unduly burdensome.
Subject to and without waiving the foregoing objections,
Defendant will produce responsive, non-privileged documents
to the extent that such documents exist and are in the
Defendant's possession custody and control.

**Request No. 37:**   All document which support your third affirmative defense that the "demanded modifications" are not readily achievable.

**Response:**   Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense.   Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 38:**   All of your tax returns filed with the federal government since January 26, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

MI583160;3

17

**Request No. 39:**   All financial statements that you have given to any third party since January 26, 1992.

**Response:**   Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 40:**   All annual reports prepared by you or for you since January 26, 1992.

**Response:**   Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant further objects to the extent

that this request is redundant of Plaintiff's prior requests.

**Request No. 41:**   All cash flow statements prepared by you and for you since January 26, 1992.

**Response:**   Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.

MI583160;3

18

**Request No. 42:**  All statements showing payment to any shareholder, either as compensation, dividend, or repayment of loans since January 26, 1992.

**Response:**  Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 43:**  All documents indicating the number of employees employed by you on an annual basis since January 26, 1992.

**Response:**  Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 44:**  Any document which indicates the effect on expenses and resources, or the impact otherwise of the "demanded modifications" as set forth in your third affirmative defense upon the operation of Pro Player Stadium.

**Response:**  Defendant objects to this request on the grounds that it is vague, ambiguous and does not accurately describe Defendant's third affirmative defense.  Defendant further objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery

and that the request is difficult to understand because it is

confusing.

**Request No. 45:**    All documents which support your third affirmative defense that the "demanded modifications" are not technically feasible.

**Response:**    Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.   Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 46:**    All documents which support your third affirmative defense that the "demanded modifications" are not required.

**Response:**    Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.   Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.
Subject to and without waiving the foregoing objections,
Defendant will produce responsive, non-privileged documents
to the extent that such documents exist and are in the
Defendant's possession custody and control.

**Request No. 47:**    All documents which support your third affirmative defense that the
"demanded modifications" would create an undue hardship on you.

**Response:**    Defendant objects to this request on the grounds that it is
vague and ambiguous in that it does not accurately describe
Defendant's third affirmative defense.   Defendant further
objects on the grounds that the information sought by this
request is better suited for alternative methods of discovery.
Subject to and without waiving the foregoing objections,
Defendant will produce responsive, non-privileged documents
to the extent that such documents exist and are in the
Defendant's possession custody and control.

**Request No. 48:**    All documents which support your third affirmative defense that the "demanded modifications" would fundamentally alter the way that you provide goods and services.

**Response:**    Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense.  Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 49:**    All documents which support your third affirmative defense that the "demanded modifications" would create a risk to the health and safety of the Plaintiffs and/or others.

**Response:**    Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense.  Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 50:**     All documents which support your seventh affirmative defense.

**Response:**     Defendant objects to this request on the grounds that the information sought by it is better suited for alternative methods of discovery.  Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 51:**     All documents which support your eighth affirmative defense.

**Response:**     Defendant objects to this request on the grounds that the information sought by it is better suited for alternative methods of discovery.  Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Stephen

M. Cody, Esq., 16610 SW 82nd Court, Miami, FL 33157-3604, on this 20ᵗʰ day of November 2000.

**AKERMAN, SENTERFITT & EIDSON, P.A.**
SunTrust International Center --28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Telephone:(305) 374-5600 Fax: (305) 374-5095
E-Mail: clumpkin@akerman.com

By _____
     Carol C. Lumpkin, Esq.
     Florida Bar No. 797448
     Devand A. Sukhdeo, Esq.
     Florida Bar No. 126977

MI583160;3

24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 00-2261-CIV-MOORE
Magistrate Judge Sullivan

ACCESS NOW, INC., et al,

      Plaintiffs,

vs.

SOUTH FLORIDA STADIUM
CORPORATION, et al,

      Defendants.

_____/

## DEFENDANT FLORIDA MARLINS BASEBALL CLUB LLC'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Florida Marlins Baseball Club LLC ("Defendant") hereby responds to Plaintiffs' Request for Production served on September 21, 2000.

### GENERAL STATEMENT

Defendant does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure

MI583161;3

waive or prejudice the right of Defendant to object to the use of any such information during this or any subsequent proceeding.

The responses herein are based on the best information available to Defendant as of this date. Defendant reserves the right to modify, amend and/or supplement these responses. Defendant's response to any of these Requests shall not constitute an admission by it that the information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the disclosure of such information.

Defendant will produce responsive, non-privileged documents, to the extent such documents exist and are in Defendant's possession, custody and control, at the offices of Defendant's undersigned counsel at One Southeast Third Avenue, Suite 2800, Miami , Florida, at a date and time mutually convenient to the parties' respective counsel.

Subject to the foregoing, Defendant responds as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**       All documents indicating your ownership interest in the Pro Player Stadium.

**Response:**       Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

MI583161;3                                    2

**Request No. 2:**     All documents indicating your leasehold interest in the Pro Player Stadium.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 3:**     All documents indicating your operational interest in the Pro Player Stadium.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 4:**     All floorplans and/or architectural renderings of the Pro Player Stadium which were drawn or created before January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

**Request No. 5:**      All floorplans and/or architectural renderings of the Pro Player Stadium which were drawn or created after January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

**Request No. 6:**      All contracts for the modification of Pro Player Stadium since January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome.

**Request No. 7:**      All permit applications with any governmental entity for the modification of Pro Player Stadium since January 1, 1992.

**Response:**      Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 8:**      All construction permits issued by any governmental entity for the modification of Pro Player Stadium since January 1, 1992.

MI583161;3

4

**Response:**          Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

**Request No. 9:**     All agreements with Ticketmaster concerning the sale of tickets for
events at Pro Player Stadium.

**Response:**          Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 10:**    Any document with Ticketmaster which discusses sales of seats
which are accessible to persons with disabilities.

**Response:**          Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 11:**    All documents produced since January 26, 1992 relating to bids and
bid requests for lift equipment to be used at the Pro Player Stadium.

**Response:**          Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

MI583161;3                                    5

**Request No. 12:**     All documents produced since January 26, 1992 indicating the location of wheelchair accessible seating locations in Pro Player Stadium while it is in seating configuration for football.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 13:**     All documents produced since January 26, 1992 indicating the location of wheelchair accessible seating locations in Pro Player Stadium while it is in seating configuration for baseball.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

MI583161;3                                              6

**Request No. 14:**       All documents produced at your request by Geen & Jenson concerning your compliance with the ADA.

**Response:**       Defendant objects to this request to the extent it seeks the

disclosure of documents that are exempt from discovery by

virtue of the attorney-client privilege, work-product doctrine

or any other applicable privilege or rule of confidentiality.

**Request No. 15:**       All documents produced by Frederick A. Shotz concerning your compliance with the ADA.

**Response:**       Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Defendant further objects to this request to the extent it seeks

the disclosure of documents that are exempt from discovery

by virtue of the attorney-client privilege, work-product

doctrine or any other applicable privilege or rule of

confidentiality.

**Request No. 16:**       All surveys of the Pro Player Stadium which discuss your compliance with the ADA.

**Response:**       Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Defendant further objects to this request to the extent it seeks

MI583161;3                                        7

the disclosure of documents that are exempt from discovery

by virtue of the attorney-client privilege, work-product

doctrine or any other applicable privilege or rule of

confidentiality.

**Request No. 17:**  All documents you have received from the Justice Department concerning your compliance with the ADA.

**Response:**  No responsive documents exist.

**Request No. 18:**  All applications for building permits which you or someone acting on your behalf applied for with any state, county or municipality in the United States, from July 26, 1990 to the present concerning the Pro Player Stadium.

**Response:**  Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to the time frame of this

request.

**Request No. 19:**  All lease agreements with South Florida Stadium Corporation or its predecessor from July 26, 1990 to the present.

**Response:**  Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

MI583161;3                                          8

Defendant further objects to the time frame of this request.

Moreover, the Marlins did not exist in 1990.  Subject to and

without waiving the foregoing objections, Defendant will

produce responsive, non-privileged documents to the extent

that such documents exist and are in the Defendant's

possession custody and control.

**Request No. 20:**    All correspondence and communications with any architect or
architectural firm concerning the preparation of plans or drawings of
improvements and/or modifications for the Pro Player Stadium from
July 26, 1990 to the present.

**Response:**    Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome and not

reasonably calculated to lead to the discovery of admissible

evidence.  Defendant further objects to the time frame of this

request.

**Request No. 21:**    All correspondence with any architect or architectural firm
concerning compliance with the requirements of the ADA at Pro
Player Stadium since January 1, 1992.

**Response:**    Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Defendant further objects to this request to the extent it seeks

the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 22:** All contracts with any architect or architectural firm for the modification of Pro Player Stadium since January 1, 1992.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this request is redundant of Plaintiff's prior requests.

**Request No. 23:** All correspondence and communications with any general contractor, contractor, subcontractor or builder concerning the preparation of plans or drawings of improvements and/or modifications of the Pro Player Stadium from July 26, 1990 to the present.

**Response:** Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the time frame of this request..

**Request No. 24:**   All correspondence with any general contractor concerning compliance with the requirements of the ADA at Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality.

**Request No. 25:**   All contracts with any general contractor for the modification of Pro Player Stadium since January 1, 1992.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 26:**   All documents in your possession concerning architectural compliance with the ADA for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome.

Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality. Defendant further objects to the time frame of this request.

**Request No. 27:**   All documents in your possession which concern any alleged violations of the requirements of the ADA for the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of the attorney-client privilege, work-product doctrine or any other applicable privilege or rule of confidentiality. Defendant further objects to the time frame of this request.

**Request No. 28:**   All judgments, consent decrees, or findings of fact entered in any State Court against you which concern any alleged violations of the ADA any state statutes or regulations which prohibit discrimination against the disabled which occurred at the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to the extent this request seeks public documents to which the Plaintiffs already have access. Defendant further objects to the time frame of this request.

**Request No. 29:**   All settlement agreements entered into by you which concern any alleged violations of the ADA or any state statutes or regulations which prohibit discrimination against the disabled which occurred at the Pro Player Stadium from July 26, 1990 to the present.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this request to the extent it seeks the disclosure of documents that are exempt from discovery by virtue of any applicable privilege or rule of confidentiality or that would violate the privacy rights of third parties which are not participants in this lawsuit. Defendant further objects to the time frame of this request.

**Request No. 30:**     All training materials for employees used since July 26, 1990 which discuss compliance with the requirements of the ADA.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.    Defendant further objects to the time frame of this request.

**Request No. 31:**     All policy manuals or materials which discuss, in any manner, your compliance with the requirements of the ADA.

**Response:**     Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 32:**   All annual reports prepared for your stockholders since July 26, 1990.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the time frame of this request.

**Request No. 33:**   All annual reports prepared for your stockholders since July 26, 1990 which discuss, in any manner, either your compliance with the requirements of the ADA.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to the time frame of this request.

**Request No. 34:**   All documents received from the United States Department of Justice which discuss your compliance with Title III of the ADA or the regulations promulgated thereunder.

**Response:**   Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome and not

15

reasonably calculated to lead to the discovery of admissible

evidence.

**Request No. 35:**   All documents sent by you to the United States Department of Justice which discuss your compliance Title III of the ADA or the regulations promulgated thereunder.

**Response:**   Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous and unduly burdensome.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 36:**   All document which support your third affirmative defense that the "demanded modifications" are not readily achievable.

**Response:**   Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.  Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents
to the extent that such documents exist and are in the
Defendant's possession custody and control.

**Request No. 37:**    All of your tax returns filed with the federal government since January 26, 1992.

**Response:**    Defendant objects to this request on the grounds that it is
overbroad, vague, ambiguous, unduly burdensome, irrelevant
and not reasonably calculated to lead to the discovery of
admissible evidence.

**Request No. 38:**    All financial statements that you have given to any third party since January 26, 1992.

**Response:**    Defendant objects to this request on the grounds that it is
overbroad, vague, ambiguous, unduly burdensome, irrelevant
and not reasonably calculated to lead to the discovery of
admissible evidence.

**Request No. 39:**    All annual reports prepared by you or for you since January 26, 1992.

**Response:**    Defendant objects to this request on the grounds that it is
overbroad, vague, ambiguous, unduly burdensome, irrelevant

MI583161;3

17

and not reasonably calculated to lead to the discovery of

admissible evidence.  Defendant further objects to the extent

that this request is redundant of Plaintiff's prior requests.

**Request No. 40:**     All cash flow statements prepared by you and for you since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.

**Request No. 41:**     All statements showing payment to any shareholder, either as compensation, dividend, or repayment of loans since January 26, 1992.

**Response:**     Defendant objects to this request on the grounds that it is

overbroad, vague, ambiguous, unduly burdensome, irrelevant

and not reasonably calculated to lead to the discovery of

admissible evidence.

MI583161;3

18

**Request No. 42:**    All documents indicating the number of employees employed by you on an annual basis since January 26, 1992.

**Response:**    Defendant objects to this request on the grounds that it is overbroad, vague, ambiguous, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 43:**    Any document which indicates the effect on expenses and resources, or the impact otherwise of the "demanded modifications" as set forth in your third affirmative defense upon the operation of Pro Player Stadium.

**Response:**    Defendant objects to this request on the grounds that it is vague, ambiguous and does not accurately describe Defendant's third affirmative defense. Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery and that the request is difficult to understand because it is confusing.

**Request No. 44:**    All documents which support your third affirmative defense that the "demanded modifications" are not technically feasible.

**Response:**    Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe

MI583161.3    19

Defendant's third affirmative defense.   Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 45:**     All documents which support your third affirmative defense that the "demanded modifications" are not required.

**Response:**     Defendant objects to this request on the grounds that it is vague and ambiguous in that it does not accurately describe Defendant's third affirmative defense.   Defendant further objects on the grounds that the information sought by this request is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

**Request No. 46:**      All documents which support your third affirmative defense that the "demanded modifications" would create an undue hardship on you.

**Response:**      Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.  Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 47:**      All documents which support your third affirmative defense that the "demanded modifications" would fundamentally alter the way that you provide goods and services.

**Response:**      Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.  Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

MI583161;3                                21

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 48:**   All documents which support your third affirmative defense that the "demanded modifications" would create a risk to the health and safety of the Plaintiffs and/or others.

**Response:**   Defendant objects to this request on the grounds that it is

vague and ambiguous in that it does not accurately describe

Defendant's third affirmative defense.  Defendant further

objects on the grounds that the information sought by this

request is better suited for alternative methods of discovery.

Subject to and without waiving the foregoing objections,

Defendant will produce responsive, non-privileged documents

to the extent that such documents exist and are in the

Defendant's possession custody and control.

**Request No. 49:**   All documents which support your seventh affirmative defense.

**Response:**   Defendant objects to this request on the grounds that the

information sought by it is better suited for alternative

methods of discovery.  Subject to and without waiving the

foregoing objections, Defendant will produce responsive,

non-privileged documents to the extent that such documents

exist and are in the Defendant's possession custody and control.

**Request No. 50:**   All documents which support your eighth affirmative defense.

**Response:**   Defendant objects to this request on the grounds that the information sought by it is better suited for alternative methods of discovery. Subject to and without waiving the foregoing objections, Defendant will produce responsive, non-privileged documents to the extent that such documents exist and are in the Defendant's possession custody and control.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Stephen M. Cody, Esq., 16610 SW 82nd Court, Miami, FL 33157-3604, on this 20 day of November 2000.

AKERMAN, SENTERFITT & EIDSON, P.A.
SunTrust International Center --28th Floor
One Southeast Third Avenue
Miami, Florida 33131
Telephone:(305) 374-5600 Fax: (305) 374-5095
E-Mail: clumpkin@akerman.com

By _____
Carol C. Lumpkin, Esq.
Florida Bar No. 797448
Devand A. Sukhdeo, Esq.
Florida Bar No. 126977

MI583161;3                                    23

AO 088 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## Southern District of Florida

ACCESS NOW, INC., et al.

Plaintiffs,

v.

SOUTH FLORIDA STADIUM
CORPORATION, et al.

Defendants.

**SUBPOENA IN A CIVIL CASE**

Case No. 00-2261-CIV-MOORE

TO:   M. Bruce Schulze, President, South Florida Stadium Corporation, Pro Player Stadium,
2269 Dan Marino Blvd.,  Miami FL 33056

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY James Lawrence King Federal Building, 11th Floor, , 99 NE 4th St., Miami, FL | COURTROOM Courtroom 3 |
| | DATE AND TIME 9:00 a.m August 27, 2001 |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| | |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED LIST

| PLACE Courtroom 3,James Lawrence King Federal Building, 11th Floor, , 99 NE 4th St., Miami, FL | DATE AND TIME 9:00 a.m August 27, 2001 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the place, date, and time
specified below:

| PREMISES | DATE AND TIME |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen M. Cody, Esq., 16610 S.W. 82nd Court, Miami, FL 33157-3604, 305/233-8073

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Documents to be Produced

1. Year 2000 Annual Balance Sheet for Defendant South Florida Stadium Corp.

2. Year 1999 Annual Balance Sheet for Defendant South Florida Stadium Corp.

3. Year 1998 Annual Balance Sheet for Defendant South Florida Stadium Corp.

4. Year 1997 Annual Balance Sheet for Defendant South Florida Stadium Corp.

5. Year 1996 Annual Balance Sheet for Defendant South Florida Stadium Corp.

6. Year 2000 Annual Statement of Income for Defendant South Florida Stadium Corp.

7. Year 1999 Annual Statement of Income for Defendant South Florida Stadium Corp.

8. Year 1998 Annual Statement of Income for Defendant South Florida Stadium Corp.

9. Year 1997 Annual Statement of Income for Defendant South Florida Stadium Corp.

10. Year 1996 Annual Statement of Income for Defendant South Florida Stadium Corp.

11. Year 2000 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

12. Year 1999 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

13. Year 1998 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

14. Year 1997 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

15. Year 1996 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

AO 088 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## Southern District of Florida

ACCESS NOW, INC., et al.

**SUBPOENA IN A CIVIL CASE**

Plaintiffs,

Case No. 00-2261-CIV-MOORE

v.

SOUTH FLORIDA STADIUM
CORPORATION, et al.

Defendants.

TO:     David Nunes, CFO, South Florida Stadium Corporation, Pro Player Stadium, 2269 N.W. 199th Street Miami, Florida 33056

☒ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| James Lawrence King Federal Building, 11th Floor, , 99 NE 4th St., Miami, FL | Courtroom 3 |
| | DATE AND TIME |
| | 9:00 a.m August 27, 2001 |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED LIST

| PLACE | DATE AND TIME |
|---|---|
| Courtroom 3,James Lawrence King Federal Building, 11th Floor, , 99 NE 4th St., Miami, FL | 9:00 a.m August 27, 2001 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the place, date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| Attorney for Plaintiff | 8/21/.1 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen M. Cody, Esq., 16610 S.W. 82nd Court, Miami, FL 33157-3604, 305/233-8073

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Documents to be Produced

1. Year 2000 Annual Balance Sheet for Defendant South Florida Stadium Corp.

2. Year 1999 Annual Balance Sheet for Defendant South Florida Stadium Corp.

3. Year 1998 Annual Balance Sheet for Defendant South Florida Stadium Corp.

4. Year 1997 Annual Balance Sheet for Defendant South Florida Stadium Corp.

5. Year 1996 Annual Balance Sheet for Defendant South Florida Stadium Corp.0.

6. Year 2000 Annual Statement of Income for Defendant South Florida Stadium Corp.

7. Year 1999 Annual Statement of Income for Defendant South Florida Stadium Corp.

8. Year 1998 Annual Statement of Income for Defendant South Florida Stadium Corp.

9. Year 1997 Annual Statement of Income for Defendant South Florida Stadium Corp.

10. Year 1996 Annual Statement of Income for Defendant South Florida Stadium Corp.

11. Year 2000 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

12. Year 1999 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

13. Year 1998 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

14. Year 1997 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

15. Year 1996 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

AO 088 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### Southern District of Florida

ACCESS NOW, INC., et al.

     Plaintiffs,

v.

SOUTH FLORIDA STADIUM
CORPORATION, et al.

     Defendants.

# SUBPOENA IN A CIVIL CASE

Case No. 00-2261-CIV-MOORE

TO:    Richard Nunes, CFO, South Florida Stadium Corporation, 2269 N.W. 199th Street
Miami, Florida 33056

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified
below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| James Lawrence King Federal Building, 11th Floor, , 99 NE 4th St., Miami, FL | Courtroom 3 |
| | DATE AND TIME |
| | 9:00 a.m August 27, 2001 |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or
objects at the place, date, and time specified below (list documents or objects):
### SEE ATTACHED LIST

| PLACE | DATE AND TIME |
|---|---|
| Courtroom 3, James Lawrence King Federal Building, 11th Floor, , 99 NE 4th St., Miami, FL | 9:00 a.m August 27, 2001 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the place, date, and time
specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for
each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT, | DATE |
|---|---|
| Attorney for Plaintiff | 8/20/01 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen M. Cody, Esq., 16610 S.W. 82nd Court, Miami, FL 33157-3604, 305/233-8073

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Documents to be Produced

1. Year 2000 Annual Balance Sheet for Defendant South Florida Stadium Corp.

2. Year 1999 Annual Balance Sheet for Defendant South Florida Stadium Corp.

3. Year 1998 Annual Balance Sheet for Defendant South Florida Stadium Corp.

4. Year 1997 Annual Balance Sheet for Defendant South Florida Stadium Corp.

5. Year 1996 Annual Balance Sheet for Defendant South Florida Stadium Corp.

6. Year 2000 Annual Statement of Income for Defendant South Florida Stadium Corp.

7. Year 1999 Annual Statement of Income for Defendant South Florida Stadium Corp.

8. Year 1998 Annual Statement of Income for Defendant South Florida Stadium Corp.

9. Year 1997 Annual Statement of Income for Defendant South Florida Stadium Corp.

10. Year 1996 Annual Statement of Income for Defendant South Florida Stadium Corp.

11. Year 2000 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

12. Year 1999 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

13. Year 1998 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

14. Year 1997 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.

15. Year 1996 Annual Cash Flow Statement for Defendant South Florida Stadium Corp.